# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

FREDERICK BERNARD SLAUGHTER,

    Petitioner,

v.

THOMAS GRAMIAK,

    Respondent.

CIVIL ACTION NO.: 5:17-cv-90

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Frederick Bernard Slaughter ("Slaughter"), who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 contesting the execution of his sentence on convictions obtained in Douglas County, Georgia, Superior Court. (Doc. 1.) Slaughter also filed a Motion to Appoint Counsel. (Doc. 7.) Respondent Thomas Gramiak, the Warden of Ware State Prison, has moved to dismiss Slaughter's Petition. (Doc. 9.)

The Court **DENIES** Slaughter's Motion to Appoint Counsel. (Doc. 7.) Additionally, for the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 9), and **DISMISS** Slaughter's Petition, (doc. 1). I also **RECOMMEND** that the Court **DENY** Slaughter a Certificate of Appealability, **DENY** him *in forma pauperis* status on appeal, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

## **BACKGROUND**

In his Petition, Slaughter challenges his 1994 Douglas County convictions for armed robbery, criminal attempt to commit murder, aggravated assault, kidnapping, and possession of a

firearm by convicted felon. (Doc. 1.) He argues that the Superior Court erred in not granting his motion for severance of his trial from his codefendant and in allowing a statement of his codefendant to be admitted. (Doc. 1-1, pp. 6–9.) Slaughter also contends that the trial court erred by allowing an agent of the Bureau of Alcohol, Tobacco, and Firearms to testify outside of the agent's area of expertise. (Id. at pp. 9–12.) Additionally, he alleges that the Superior Court improperly admitted a statement that Slaughter had made after invoking his Miranda rights. (Id. at pp. 13–19.) Further, Slaughter contends that the court "subrogated [his] right to remain silent" by only partially admitting a video tape of detectives telling Slaughter that they wanted to interview him. (Id. at pp. 20–23.) Finally, Slaughter raises a number of arguments contending that his trial counsel was ineffective. (Id. at pp. 25–32.)

Respondent requests that the Court dismiss Slaughter's petition for lack of jurisdiction. (Doc. 9.) Specifically, Respondent points out that Slaughter already unsuccessfully challenged his convictions through a Section 2254 Petition in the Northern District of Georgia. (Id. (citing Slaughter v. Smith, Case No. 1:00-cv-1335 (N.D. Ga. Mar. 2001).) Respondent contends that Slaughter cannot bring this successive petition without first seeking permission from the United States Court of Appeals for the Eleventh Circuit. (Id. (citing 28 U.S.C. § 2244(b)(3)).)

In Response to the Motion to Dismiss, Slaughter contends that his prior Section 2254 Petition "was suppose [*sic*] to be scratch [*sic*] from the recorder [*sic*] so I can go step-by-step by doing my state habeas corpus and then my federal habeas corpus." (Doc. 11, p. 2.) He argues that because his state habeas corpus petition was denied in November of 2016, he timely filed this federal habeas corpus petition. (Id.)

**DISCUSSION**

**I.     Denial of Motion to Appoint Counsel**

Petitioner has filed a Motion for Appointment of Counsel to assist him with this case. (Doc. 7.) There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985); see also Barbour, 471 F.3d at 1227–32 (even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2254, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979); see also 28 U.S.C. § 2254(h) and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (mandating appointment of counsel pursuant to 18 U.S.C. § 3006A when an evidentiary hearing is warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances." McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (per curiam).

The Court does not find any exceptional circumstances justifying the appointment of counsel in this case. It does not appear that the interests of due process or justice require that Petitioner be afforded counsel, and it does not appear that an evidentiary hearing will be required. Consequently, the Court **DENIES** Petitioner's Motion for Appointment of Counsel.

**II.    Dismissal of Petition as Unauthorized Second or Successive Section 2254 Petition**

Before a second or successive Section 2254 Petition is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district

court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); see also Rule 9, Rules Governing Section 2254 Cases (2011). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. Burton v. Stewart, 549 U.S. 147 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain order authorizing him to file the petition); Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, Section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330–31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This Section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*:
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added). A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther, 173 F.3d at 1329.

Construing Slaughter's arguments liberally, he argues that the Northern District of Georgia did not address the merits of his prior Section 2254 Petition but instead dismissed his Petition without prejudice so that he can exhaust his administrative remedies. (Doc. 11, p. 2.) However, the record of Slaughter's prior proceedings belies this contention.[1] Contrary to Slaughter's representations, in his prior Section 2254 action, on January 25, 2001, Magistrate Judge Linda Walker issued a Report and Recommendation addressing the merits of each of Petitioner's following claims:

1. The trial court erred by not granting Petitioner's motion for a severance in connection with its permitting co-defendant Thomas's statement that he would kill a sheriff's deputy upon his release from jail.
2. The trial court erred by allowing a witness to testify outside his field of expertise.
3. The trial court erred in admitting Petitioner's statements made after he had invoked his Miranda rights.
4. The trial Court erred in admitting a video tape showing detectives telling Petitioner they wanted to talk with him and then abruptly stopping the tape before he has answered the detectives.

R&R, Slaughter v. Smith, 1:00-cv-1335 (Jan. 25, 2001), ECF No. 7, pp. 2–3. Magistrate Judge Walker discussed each of these claims at length, found that each claim did not state a claim for relief on the merits, and recommended that the court deny Slaughter's Section 2254 Petition. Id. at pp. 5–11. On March 29, 2001, District Judge Beverly Martin adopted Judge Walker's Report and Recommendation over Slaughter's objections. Order, Slaughter v. Smith, 1:00-cv-1335

---

[1] Given the time that has passed since Slaughter's prior Section 2254 proceeding, the record of those proceedings is not readily available through the Northern District of Georgia's electronic case management system. Thus, this Court requested the pertinent pleadings from the Northern District of Georgia. To ensure that these documents, which are central to the disposition of this case, will be available to Petitioner and Respondent, the Court **DIRECTS** the Clerk of Court to file the Northern District of Georgia's Report and Recommendation and Order as a combined exhibit to the instant Report and Recommendation and to serve this exhibit on Petitioner when serving this pleading.

5

(Mar. 29, 2001), ECF No. 9. Judge Martin addressed Slaughter's objections, which clearly went to the merits of his claims, and denied his Petition. Id.

Slaughter now seeks to bring essentially the exact same claims that the Northern District of Georgia already rejected. (Doc. 1-1, pp. 2–3.) Pursuant to 28 U.S.C. § 2244(b)(1), these claims which are now "presented in a second or successive habeas corpus application . . . shall be dismissed." Moreover, even if Slaughter raised any additional claims that were not addressed by the Northern District of Georgia, he has failed to meet any of the exceptions set forth in 28 U.S.C. § 2244(b)(2), and he has not received an order from the Eleventh Circuit Court of Appeals authorizing this Court to consider the application as required by 28 U.S.C. § 2244(b)(3). Thus, this Court lacks jurisdiction to hear his Petition.

To the extent that Slaughter was to argue that his Petition is brought pursuant to Section 2241 and, therefore, not subject to the restrictions of Section 2254 (including the restriction on second or successive petitions) because he is challenging the execution of his sentence and not its validity, that argument must fail. Slaughter is not challenging the execution of his sentence (i.e., the manner in which his sentence is being carried out); rather, he is challenging the very fact of his confinement, claiming that he is in custody in violation of the Constitution. See 28 U.S.C. § 2254(a). Moreover, Slaughter is "in custody pursuant to the judgment of a State court." Id. Thus, his Petition is subject to both Section 2241 and Section 2254 with these provisions' attendant restrictions. Thomas v. Crosby, 371 F.3d 782, 787–88 (11th Cir. 2004) (state prisoner's habeas petition, filed on the Section 2241 form and which challenged the state parole commission's setting of prisoner's presumptive parole release date, was properly brought under Section 2241 but was subject to the rules and restrictions of Section 2254 because the prisoner was in custody pursuant to the judgment of a state court);

Medberry v. Crosby, 351 F.3d 1049, 1054, 1062 (11th Cir. 2003) (state prisoner's habeas petition, which challenged prison disciplinary actions, was subject to both Section 2241 and Section 2254 because the prisoner was in custody pursuant to the judgment of a state court). Slaughter "cannot evade the procedural requirements of Section 2254 by filing something purporting to be a Section 2241 petition." Thomas, 371 F.3d at 787.

For all of these reasons, the Court should **DISMISS** Slaughter's Petition for lack of jurisdiction and as a procedurally barred second or successive 2254 Petition.

### III. Dismissal on the Merits

Even assuming Slaughter' Petition were authorized procedurally, it is meritless substantively. Again, Slaughter raises the same arguments in the instant Petition that Judge Martin and Judge Walker already rejected when dismissing his prior petition. The undersigned fully concurs with the analysis in Judge Walker's Report and Recommendation and Judge Martin's Order. The Court need not restate that analysis at length in dismissing the instant Petition and need only adopt that analysis in this case. Accordingly, it plainly appears from the petition and any attached exhibits that Slaughter is not entitled to relief in this Court. Thus, should the Court reach the merits of Slaughter's Petition, for the reasons already stated by the Northern District of Georgia, the Court should **DENY** his Petition.

### IV. Denial of Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Slaughter leave to appeal *in forma pauperis,* and he should be denied a Certificate of Appealability. Though Slaughter has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.

Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the Rules

Governing Section 2254 Cases, "the district court <u>must</u> issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis added). A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Id.</u> "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>see also</u> <u>Franklin v. Hightower</u>, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." <u>Miller-El</u>, 537 U.S. at 336. Based on the above analysis of Slaughter' pleadings and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal. Therefore, the Court should **DENY** the issuance of a Certificate of Appealability.

Additionally, an appeal cannot be taken *in forma pauper*is if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). This Court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed." Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. <u>Busch v. County of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a

frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Slaughter, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009). As there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and the Court should **DENY** Slaughter *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 9), and **DISMISS** Slaughter's Petition, (doc. 1). Additionally, the Court **DENIES** Slaughter's Motion to Appoint Counsel. (Doc. 7.) I also **RECOMMEND** that the Court **DENY** Slaughter a Certificate of Appealability, **DENY** him *in forma pauperis* status on appeal, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Slaughter.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 1st day of August, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA