# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

FREDERICK BERNARD SLAUGHTER,     *
                                            *
         Petitioner,               *      CIVIL ACTION NO.: 5:17-cv-90
                                            *
v.                                                *
                                            *
TOM GRAMIAK,                 *
                                            *
         Respondent.             *

## ORDER

The Court has conducted an independent and *de novo* review of the entire record and concurs with the Magistrate Judge's Report and Recommendation, dkt. no. 13. Petitioner Frederick Slaughter ("Slaughter") filed Objections to the Report and Recommendation, dkt. no. 17, but failed to address the Magistrate Judge's conclusions, namely, that Slaughter's 28 U.S.C. § 2254 Petition is an unauthorized second or successive habeas petition under 28 U.S.C. § 2244, and, even if his Petition were not barred under Section 2244, Slaughter is not entitled to his requested relief, as the District Court for the Northern District of Georgia determined. Dkt. No. 13. Rather, Slaughter merely reiterates the assertions he made in his

original Petition, which the Magistrate Judge correctly rejected.[1]

In addition, Slaughter filed an interlocutory appeal to the Eleventh Circuit Court of Appeals, dkt. no. 14, prior to the filing of his Objections and another interlocutory appeal a mere nine (9) days after he filed his Objections to the Report and Recommendation, dkt. no. 18. Slaughter's interlocutory appeals are from a Report and Recommendation, which is not a final order subject to appeal. Slaughter's attempt to file interlocutory appeals of the Report and Recommendation did not cause this Court to lose jurisdiction of the case, nor did the Eleventh Circuit "acquire jurisdiction." Holloman v. McDonald, No.

---

[1] To the extent Slaughter objects to the Magistrate Judge's denial of his motion for appointment of counsel, the Court construes any such objection as an appeal of the Magistrate Judge's Order. "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381-82). Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) (reciting same "clearly erroneous or contrary to law" standard). Slaughter fails to establish the Magistrate Judge's Order is clearly erroneous or contrary to law. Thus, the Court **DENIES** Slaughter's appeal of the Magistrate Judge's Order denying Slaughter's motion for the appointment of counsel.

2

5:05CV22-RH/WCS, 2005 WL 941137, at *3 (N.D. Fla. March 21, 2005). Consequently, the Court addresses Slaughter's Objections, which are without merit.

The Court **OVERRULES** Slaughter's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **GRANTS** Respondent's Motion to Dismiss, dkt. no. 9, **DISMISSES** Slaughter's Section 2254 Petition, dkt. no. 1, and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. The Court also **DENIES** Slaughter a Certificate of Appealability and **DENIES** Slaughter *in forma pauperis* status on appeal, as well as his Motion for Leave to Appeal *in Forma Pauperis* filed in this Court, dkt. no. 20.

**SO ORDERED**, this 28 day of September, 2018.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA